No. 19-10204

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

CONSTANCE DANIELS,

*Plaintiff-Appellant,*

v.

SELECT PORTFOLIO SERVICING, INC.,

*Defendant-Appellee.*

On Appeal from a Final Order of the
United States Court for the Middle District of Florida
No. 8:18-cv-01652-JSM-CPT, Hon. James S. Moody, Jr., U.S.D.J.

# APPELLANT'S APPLICATION FOR APPELLATE FEES
# AND COSTS AND INCORPORATED MEMORANDUM OF LAW

| | |
|---|---|
| Michael A. Ziegler, Esq. | Kaelyn Diamond, Esq. |
| Ziegler Diamond Law: Debt Fighters | Ziegler Diamond Law: Debt Fighters |
| 2561 Nursery Road, Suite A | 2561 Nursery Road, Suite A |
| Clearwater, Florida 33764 | Clearwater, Florida 33764 |
| 727-538-4188 | 727-538-4188 |
| 727-362-4778 (fax) | 727-362-4778 (fax) |
| mike@attorneydebtfighters.com | kaelyn@attorneydebtfighters.com |

*Attorneys for Appellant*

AUGUST 1, 2022

**No. 19-10204,** *Daniels v. Select Portfolio Servicing, Inc.*

# **CERTIFICATE OF INTERESTED PERSONS**

A.　Pursuant to Eleventh Circuit Rule 26-1, Appellant provides the following list of persons who may have an interest in the outcome of this appeal:

Daniels, Constance

Ziegler, Michael A.

Diamond, Kaelyn S.

Ziegler Diamond Law Firm, PLLC

Select Portfolio Servicing, Inc.

Brown, Benjamin B.

Kohn, Joseph T.

Quarles & Brady, LLP

Moody, James S. (U.S.D.J)

Altekruse, Cliff, Circuit Mediator

Hillard, Benjamin

Cuykendall, Amy E.

Allred, Alexander R.

Castle Law Group, P.A.

Landis, Michael C.

Nelson, Scott

Public Citizen, Inc.

       Zieve, Allison M.

       U.S. Public Interest Education Fund, Inc.

    B.    Appellant is not a corporation, so no corporate disclosure is required by FRAP or the Rules of this Court.


       Respectfully submitted this **01** day of **August, 2022**,




                             */s/ Kaelyn Diamond*
                             Kaelyn Diamond, Esq.
                             Florida Bar No. 125132

## APPELLANT'S APPLICATION FOR APPELLATE FEES AND COSTS

Pursuant to 11th Circuit Rule 39-2, Appellant, Constance Daniels ("Ms. Daniels"), hereby applies to this Court for an award of her reasonable attorney's fees and costs for the work expended in the instant appeal. Specifically, Ms. Daniels respectfully requests an award of appellate attorney's fees in the amount of $64,245.00 and costs in the amount of $962.81, for a total award of $65,207.81 in connection with the work performed by the following attorneys/paralegals/law clerks:

| Attorney | Hours Reasonably Expended | Reasonable Hourly Rate | Total Fees | Costs | Total Fees and Costs |
|---|---|---|---|---|---|
| Kaelyn Diamond, Esq. | 92.4 74.9 | $250 $350 | $49,315.00 | $962.81 | $50,277.81 |
| Michael Ziegler, Esq. | 23.8 | $350 | $8,330.00 | | $8,330.00 |
| Nathalie Ginebra, Paralegal | 13.7 | $125 | $1,712.50 | | $1,712.50 |
| Malorie Cruz, Paralegal | 6.1 | $125 | $762.50 | | $762.50 |
| Chelsea Miller, Law Clerk | 27.5 | $150 | $4,125.00 | | $4,125.00 |
| TOTAL | | | | | $65,207.81 |

**MEMORANDUM OF LAW**

**I.   INTRODUCTION**

The 50-page published Opinion issued in this appeal involved a significant case of first impression that has been written about by Justia, Law360, Westlaw Today, and Alston & Bird Consumer Finance Abstract. *See* articles attached hereto as "Composite Exhibit A." Moreover, the Opinion has already been cited by subsequent published opinions in this Circuit. *See Lamirand v. Fay Servicing, LLC*, 38 F.4th 976, 981-82 (11th Cir. 2022).

In its Opinion, the Court answered a question of first impression in this Circuit and:

- Reversed the district court's granting of the motion to dismiss on the issue of whether monthly mortgage statements required by the Truth in Lending Act, 15 U.S.C. § 1638 ("TILA"), and its regulations can constitute communications in connection with the collection of a debt under the FDCPA and FCCPA because coverage under the FDCPA and FCCPA is plausible when such statements contain debt collection language that is not required by the TILA or its regulations and the context suggests they are attempts to collect or induce payment on a debt;

- Reversed the district court's granting of the motion to dismiss on the issue of whether the monthly mortgage statements sent by Select Portfolio constitute "communications" about a "debt" because the plain language of the statutes define "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium" and the statements certainly conveyed information from Select Portfolio to Ms. Daniels regarding her debt under the promissory note. *See* 15 U.S.C. § 1692a(2); Fla. Stat. § 559.55(2);

- Reversed the district court's granting of the motion to dismiss on the issue of whether monthly mortgage statements sent pursuant to TILA can only be sent for informational purposes and not "in connection with the collection of a[] . . . debt" subject to the FDCPA and FCCPA because communications can have dual purposes, such as providing a consumer with information required by TILA and demanding payment on a debt within the scope of the FDCPA and FCCPA;

- Reversed the district court's granting of the motion to dismiss which district court order had found that any conduct or communications required by the TILA and its regulations cannot be actionable under the FDCPA based on a broad reading of a 2013 Consumer Financial Protection Bureau guidance bulletin specific to the topic of servicers not facing liability under § 1692c(c) for sending communications required by federal law after a consumer made a "cease communications" request because, here, different subsections of the FDCPA are at issue (§§ 1692d, 1692e, 1692f) and a debt collector can satisfy the TILA's information requirements and at the same time comply with the FDCPA provisions at issue here; and

- Remanded the case for further proceedings.

## II. ARGUMENT

### A. Appellant is Entitled to Appellate Attorney's Fees as a Matter of Statute

Appellant is entitled to appellate attorney's fees for successfully prosecuting this appeal pursuant to the fee-shifting provisions under the FDCPA and FCCPA.

### *Count 1 – Fair Debt Collection Practices Act ("FDCPA")*

The Fair Debt Collection Practices Act provides that violators of the Act are liable for:

> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

6

15 U.S.C. § 1692k(a)(3). This Court has held that fee-shifting statutes—which the FDCPA undoubtedly is—entitle "parties not only to fees in the court of first instance, but also to appellate fees incurred in defending the judgment." *In re Horne*, 876 F.3d 1076, 1082 (11th Cir. 2017)(citing *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (holding that "an attorney may recover fees for time spent litigating the award of a [11 U.S.C. §] 1988 fee"); *Finch v. City of Vernon*, 877F.2d 1497, 1508 (11th Cir. 1989)(holding that a plaintiff who prevailed on a 42 U.S.C. § 1983 claim was "entitled to an award of attorney's fees incurred [on] appeal"); *see also Comm'r, INS v. Jean*, 496 U.S. 154, 161-62, 110 S. Ct. 2316, 110 L.Ed.2d 134 (1990) (noting that fee-shifting statutes treat "a case as an inclusive whole, rather than as atomized line-items)). Thus, Appellant is entitled to reasonable appellate attorney's fees and costs in this successful appeal.

### *Count 2 – Florida Consumer Collection Practices Act ("FCCPA")*

Section 559.77, Florida Statutes, provides for reasonable attorneys' fee and costs for violations of Section 559.72 of the FCCPA:

> (2) Any person who fails to comply with any provision of S. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

7

§ 559.77, Fla. Stat. "Section 59.46 . . . makes the provision of Chapter 559 regarding attorney's fees applicable on appeal." *Peters v. Collision Clinics Intern., Inc.*, 404 So.2d 116, 118 (Fla. 4th DCA 1981). Section 59.46 provides:

> In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal.

§ 59.46, Fla. Stat.; *see Freeman v. Rice*, 09-20352-CIV, 2012 WL 12947682, at *2 (S.D. Fla. Feb. 7, 2012)(citing § 59.46), *aff'd*, 548 Fed. Appx. 594 (11th Cir. 2013).

Here, the Court reversed the district court's grant of the motion for dismissal in favor of Appellee on the FCCPA claim. Accordingly, Appellant was the prevailing party and is entitled to recover her reasonable appellate attorney's fees and costs.

### B. Appellant Should be Awarded Fees using the Lodestar Method

This Court has held that Supreme Court precedent in the civil rights fee-shifting context is applicable to FDCPA cases. *See Moton v. Nathan & Nathan, P.C.*, 297 Fed. Appx. 930, 931 (11th Cir. 2008) (internal citations omitted). Under the Supreme Court's approach, this Court held "[t]he initial estimate of reasonable attorney's fee is the properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Id.* (citing

8

*Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993)(quoting *Blum v. Stenson,* 465 U.S. 886, 888 (1984)).

In addition, "'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community. *Id.* A "reasonable hourly rate" is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotation omitted). "The party seeking attorneys' fees bears the burden of establishing that the requested hourly rate is in line with prevailing market rates." *Maner v. Linkan LLC*, 602 Fed. Appx. 489, 493 (11th Cir. 2015). "The fee applicant bears the burden to establish that the hours for which fees are sought were 'reasonably expended on the litigation.'" *Id.* at 491. "To carry that burden, fee counsel must submit time records showing time expenditures with sufficient particularity so that the [] court can assess the time claimed for each activity." *Id.* (punctuation and citation omitted).

### 1. Appellant's counsel expended a reasonable number of hours at a reasonable hourly rate

Ms. Daniels' appellate team consists of two attorneys, Kaelyn Steinkraus Diamond and Michael Ziegler, two paralegals, Nathalie Ginebra and Malorie Cruz, and one law clerk, Chelsea Miller. An Appendix is being filed contemporaneously with this Application. The Appendix is broken into 2 parts, one for each attorney: Appendix A (K. Diamond) and Appendix B (M. Ziegler). Each Appendix includes

9

the applicable: (i) required local Form; (ii) Prebill; (iii) Declaration; and (iv) Exhibits to Declaration. The Appendix is bookmarked for ease of reference.

As described in the Declarations, Ms. Daniels' two attorneys are part of the same firm and work well and efficiently as a team, avoiding the duplication of effort by clearly designating the separate roles and tasks of each respective attorney. Diamond handled presentation of the oral argument and drafting the briefs and other required documents. Ziegler drafted, reviewed, and edited the briefs and other required documents and provided guidance to Diamond on best practices at oral argument and argument presentation.

The prebills in the Appendix show the time expenditures for each attorney/paralegal/law clerk with particularized descriptions so the Court can assess the time claimed for each activity. *See Maner*, 602 Fed. Appx. At 491. Records of each attorney's time are made and kept in electronic format in the ordinary course of business. The prebills reflect the time spent and tasks completed by each of Ms. Daniels' counsel in this appeal.[1] The prebills included in the Appendix are true and

---

[1] The below district court proceeding was originally filed in state court over four years ago, on June 14, 2018. The case was removed to the Middle District of Florida on July 10, 2018. At that time, Ms. Daniels was represented by a different attorney and law firm. On August 10, 2018, Ms. Daniels retained Ziegler Diamond Law to represent her in the below district court case. On August 22, 2018, Ziegler Diamond Law filed a Substitution of counsel form in the district court case and has handled the case from that point to the present.

During the last four years, Ziegler Diamond Law firm has transitioned physical office locations, practice management software, and various staff members. During that transitionary time period, Ms. Daniels' ink-signed contingency representation agreement dated August 10, 2018 was

10

correct copies of the billing records generated from Ziegler Diamond Law Firm's computerized billing system. The prebills demonstrate that the time and labor expended has been reasonable and appropriate for the representations of Ms. Daniels in this appeal.

Further, a "United States Consumer Law Attorney Fee Survey Report" (regarding 2017-2018 hourly rates) is attached as exhibits to the Declarations.[2] The median rate for Practice Areas handling "Other Cases" in the Florida, Tampa/St. Petersburg area is $350 per hour. Under the Experience Variable Table, attorneys practicing 6-10 years had an average hourly rate of $350 per hour. Based on this

---

inadvertently misplaced and does not exist in electronic form. Accordingly, on February 6, 2020, Ms. Daniels signed another contingency representation agreement that incorporates by reference the prior version of the agreement which was identical in all material aspects to the representation agreement dated August 10, 2018. The February 6, 2020 representation agreement is included in the Appendix.

Additionally, paralegal Malorie Cruz and law clerk Chelsea Miller no longer work at Ziegler Diamond Law Firm. Ziegler Diamond's practice management software that is used for billing and time keeping purposes, Lawcus, does not have the ability to input past staff members' names into the "Timekeeper" column of the prebills. Accordingly, paralegal Nathalie Ginebra's name is in the "Timekeeper" column of the prebills for paralegal Malorie Cruz as the two have identical reasonable hourly rates. Malorie Cruz's time entries are identified by "MEC" at the beginning of the entry. Law Clerk Chelsea Miller's "Timekeeper" column is empty as it cannot be filled since she no longer is employed by Ziegler Diamond Law Firm and no other law clerks are employed at this time.

[2] United States Consumer Law: Attorney Fee Survey Report 2017-2018, chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://burdgelaw.com/wp-content/uploads/2021/11/US-Consumer-Law-Attorney-Fee-Survey-Report-w-Table-of-Cases-091119.pdf (last accessed Aug. 1, 2022).

data, the hourly rates of Diamond ($250 through January 1, 2020 and then $350)[3] and Ziegler ($350) are reasonable.

### 2. The Lodestar number is a reasonable fee award

"Once the lodestar figure has been calculated, there is a strong presumption that the lodestar figure is a reasonable sum." *Maner*, 602 Fed. Appx. At 493 (citing *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008)). Ms. Daniels' counsel's billing records indicate that the amount of time billed by the two attorneys on this appeal multiplied by their customary hourly rates equals $57,645.00 which, plus paralegal's fees of $2,475.00 and law clerk's fees of $4,125.00 amounts to a total of $64,245.00 in legal fees.

The Court may also award Ms. Daniels her reasonable expenses. 11th Cir. R. 39-2(a). Ms. Daniels' counsel's billing records reflect expenses in this matter amounting to $962.81, some of which costs may be awarded pursuant to the Mandate that is currently stayed.

## III. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court award her reasonable attorney's fees and costs in the total amount of $65,207.81 pursuant to 11th Circuit Rule 39-2.

---

[3] Diamond was promoted from Associate to Partner effective January 1, 2020.

Respectfully submitted this **01** day of **August, 2022**,

>*/s/ Kaelyn Diamond*
>Kaelyn Diamond, Esq.
>Florida Bar No. 125132
>kaelyn@attorneydebtfighters.com
>service@attorneydebtfighters.com
>Ziegler Diamond Law: Debt Fighters
>2561 Nursery Road, Suite A
>Clearwater, FL 33764
>(p) (727) 538-4188
>(f) (727) 362-4778
>*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2022 a true and correct electronic copy of this document has been circulated to all parties via electronic mail through the Court's Electronic Case Filing System.

>*/s/ Kaelyn Diamond*
>Kaelyn Diamond, Esq.
>Florida Bar No. 125132

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that:

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) and the word limit of Fed. R. App. P. 5(c)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains two thousand five hundred and thirty-six (2,536) words; and

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman font.

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
Attorney for Appellant
Dated: August 1, 2022